

FILED
2018 Oct-05 PM 02:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER LEE, ) | |
| ) | |
|    Movant/Defendant, ) | |
| ) | Case Numbers: |
| vs. ) | 7:16-cv-8038-CLS |
| ) | 7:08-cr-297-CLS-TMP |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
|    Respondent. ) | |

## MEMORANDUM OPINION

This action is before the court on pleadings that have been recharacterized as a motion to vacate, set aside, or correct sentence filed by Christopher Lee pursuant to 28 U.S.C. § 2255.[1]

## I. BACKGROUND AND PROCEDURAL HISTORY

Christopher Lee was sentenced by this court on October 28, 2009, to imprisonment for a term of 195 months following his plea of guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).[2] A violation of that statute generally is punishable by a maximum sentence of ten years imprisonment. *See* 18 U.S.C. § 924(a)(2). In Lee's case, however, his sentence was

---

[1] *See* doc. no. 1 in the present case: *i.e.*, no. 7:16-cv-8038-CLS.

[2] *See* doc. no. 16 in case no. 7:08-cr-297-CLS-TMP (Judgment in a Criminal Case (For Offenses Committed On or After November 1, 1987)).

enhanced under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), which provides, in pertinent part, that:

> In the case of a person who violates section 922(g) of this title and has *three previous convictions by any court referred to in section 922(g)(1) of this title for* a violent felony or *a serious drug offense*, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned *not less than fifteen years*, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1) (emphasis supplied). On the date of sentencing by this court, Lee had three previous convictions under Alabama law for first degree unlawful possession of marijuana under Alabama law: a crime that is defined by federal law as a "serious drug offense."[3]

Lee appealed his sentence, and the Eleventh Circuit Court of Appeals dismissed the appeal on February 9, 2010.[4] No further proceedings occurred for nearly four years — *i.e.,* until January 3, 2014, when Lee submitted to this court a petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2254, challenging his *two 2001 convictions* in the Tuscaloosa County Circuit Court for unlawful possession of marijuana and unlawful possession of a controlled substance.[5] That petition was

---

[3] *See* doc. no. 14 in case no. 7:08-cr-297-CLS-TMP (Pre-Sentence Investigation Report), at 10-12.

[4] *See* doc. no. 23 in case no. 7:08-cr-297-CLS-TMP (Eleventh Circuit Order of Dismissal).

[5] *See* doc. no. 1 in case no. 7:14-cv-0012-VEH-HGD.

given case number 7:14-cv-0012-VEH-HGD, and assigned to Judge Virginia Emerson Hopkins. Lee filed a second petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2254 on December 1, 2014, challenging his *1998 conviction* in the Tuscaloosa County Circuit Court on two counts of unlawful possession of marijuana.[6] That petition was given case number 7:14-cv-2309-RDP-SGC, and assigned to Judge R. David Proctor.

Judge Hopkins — the jurist to whom the first of Lee's § 2254 petitions was assigned — entered an order on February 19, 2015, suggesting that Lee's two § 2254 petitions should be consolidated and re-characterized as falling under 28 U.S.C. § 2255. Judge Hopkins reasoned that

> the pending petitions attack the state court convictions that served to enhance petitioner's current federal sentence. However, a petition under § 2254 is not the appropriate vehicle to challenge these prior state court convictions because "a petitioner who challenges an expired state sentence that was used to enhance his current federal sentence must bring his suit under 28 U.S.C. § 2255." *Means v. Alabama,* 209 F.3d 1241, 1242 (11th Cir. 2000). Accordingly, it appears the two pending § 2254 petitions are due to be consolidated and re-characterized as a single motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Once re-characterized, the § 2255 motion should be filed in petitioner's federal criminal case, *United States of America v. Lee,* 7:08-cr-0297-CLS-RRA, and adjudicated by the sentencing court.

Doc. no. 15 in case no. 7:14-cv-0012-VEH-HGD. Judge Hopkins also advised Lee that she had "serious concerns about the viability of his claims," because the prior

---

[6] *See* doc. no. 1 in case no. 7:14-cv-2309-RDP-SGC.

convictions used to enhance Lee's federal sentence were no longer open to direct or collateral attack in their own right, and also because it appeared that any § 2255 motion would be time-barred.[7] Lee objected to the consolidation and re-characterization of his § 2254 petitions on March 9, 2015,[8] but Judge Hopkins was not persuaded by his objections. Instead, she entered an order on May 11, 2016, directing the Clerk of Court

> to re-characterize these matters as a single § 2255 motion, to file all the pleadings and orders from each of these cases into a new file and close both of these actions, and to assign the § 2255 file to the Honorable C. Lynwood Smith, Jr., the federal judge who sentenced petitioner.

Doc. no. 1 in the present case, no. 7:16-8038-CLS, at 2; doc. no. 18 in case no. 7:14-cv-0012-VEH-HGD; doc. no. 7 in case no. 7:14-cv-2309-RDP-SGC.

Lee moved for reconsideration of the consolidation and re-characterization decision, but Judge Hopkins denied that motion on May 24, 2016.[9] Lee also appealed

---

[7] Doc. no. 15 in case no. 7:14-cv-0012-VEH-HGD, at 4-5; doc. no. 4 in case no. 7:14-cv-2309-RDP-SGC, at 4-5. Lee was allowed twenty-one (21) days to either object to the re-characterization of his petitions as a § 2255 motion, amend his petitions, or advise the court whether he would prefer to withdraw the petitions altogether. Doc. no. 15 in case no. 7:14-cv-0012-VEH-HGD, at 4; doc. no. 4 in case no. 7:14-cv-2309-RDP-SGC, at 4.

[8] Doc. no. 16 in case no. 7:14-cv-0012-VEH-HGD; doc. no. 5 in case no. 7:14-cv-2309-RDP-SGC.

[9] *See* doc. nos. 19 & 20 in case no. 7:14-v-0012-VEH-HGD (Motion for Reconsideration and Order).

Judge Hopkins's decision, but the Eleventh Circuit Court of Appeals dismissed the appeal for lack of jurisdiction on November 7, 2016.[10]

Lee did not submit any additional arguments in support of his claims after they were consolidated, re-characterized as based upon § 2255, and reassigned to the undersigned, but he did file a motion for appointment of counsel and request for a copy of the docket sheet on February 9, 2017.[11] Lee received a copy of the docket sheet, but his request for appointment of counsel remains pending. The United States filed an opposition to Lee's re-characterized § 2255 motion on September 17, 2018.[12]

## II. DISCUSSION

### A. Challenge of Prior Convictions

Lee's pleadings attempt to undermine his enhanced federal sentence by attacking the validity of the prior state court convictions that served as the foundation for the enhancement. Such an attack is not within the permissible scope of a § 2255 motion. As the Supreme Court held in *Daniels v. United States*, 532 U.S. 374 (2001):

> Our system affords a defendant convicted in state court numerous opportunities to challenge the constitutionality of his conviction. He may raise constitutional claims on direct appeal, in postconviction proceedings available under state law, and in a petition for a writ of

---

[10] *See* doc. nos. 21 & 27 in case no. 7:14-v-0012-VEH-HGD (Notice of Appeal and Order Dismissing Appeal).

[11] *See* doc. no. 3 in the present case, no. 7:16-cv-8038-CLS.

[12] *See* doc. no. 8 in the present case, no. 7:16-cv-8038-CLS (Government's Opposition to Lee's Section 2255 Motion).

habeas corpus brought pursuant to 28 U.S.C. § 2254 (1994 ed. and Supp. V). *See generally* 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 5.1.a (3d ed. 1998). These vehicles for review, however, are not available indefinitely and without limitation. Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim. *See, e.g., United States v. Olano*, 507 U.S. 725, 731, 113 S. Ct. 1770, 123 L. Ed. 2d 508 (1993) ("'No procedural principle is more familiar to this Court than that a constitutional right . . . may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it'" (quoting *Yakus v. United States*, 321 U.S. 414, 444, 64 S.Ct. 660, 88 L. Ed. 834 (1944))). One of the principles vindicated by these limitations is a "presumption deeply rooted in our jurisprudence: the 'presumption of regularity' that attaches to final judgments, even when the question is waiver of constitutional rights." *Parke*[ *v. Raley*, 506 U.S. 20, 29 (1992)].

*Thus we have held that if, by the time of sentencing under the ACCA, a prior conviction has not been set aside on direct or collateral review, that conviction is presumptively valid and may be used to enhance the federal sentence. See Custis*[ *v. United States*], 511 U.S.[ 485, 497 (1994)]. *This rule is subject to only one exception*: If an enhanced federal sentence will be based in part on a prior conviction obtained in violation of the right to counsel, the defendant may challenge the validity of his prior conviction during his federal sentencing proceedings. *Id*., at 496, 114 S. Ct. 1732. *No other constitutional challenge to a prior conviction may be raised in the sentencing forum*. *Id*., at 497, 114 S. Ct. 1732.

After an enhanced federal sentence has been imposed pursuant to the ACCA, the person sentenced may pursue any channels of direct or collateral review still available to challenge his prior conviction. In *Custis*, we noted the possibility that the petitioner there, who was still in custody on his prior convictions, could "attack his state sentences [in state court] or through federal habeas review." *Ibid*. If any such challenge to the underlying conviction is successful, the defendant may

6

then apply for reopening of his federal sentence. As in *Custis*, we express no opinion on the appropriate disposition of such an application. *Cf. ibid*.

>   *If, however, a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse. The presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255.* A defendant may challenge a prior conviction as the product of a *Gideon* violation in a § 2255 motion, but generally only if he raised that claim at his federal sentencing proceeding. *See United States v. Frady*, 456 U.S. 152, 167-168, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982) (holding that procedural default rules developed in the habeas corpus context apply in § 2255 cases); *see also Reed v. Farley*, 512 U.S. 339, 354-355, 114 S. Ct. 2291, 129 L. Ed. 2d 277 (1994).

*Daniels*, 532 U.S. at 381-83 (emphasis supplied to second and final paragraphs, first two alterations supplied, third alteration and ellipsis in original).

Here, the prior state convictions used to enhance Lee's federal sentence are no longer open to either direct or collateral attack. Lee unsuccessfully pursued challenges to those convictions in the Alabama trial and appellate courts.[13] Therefore, those prior convictions are conclusively presumed to be valid, and Lee cannot collaterally challenge them through a motion under § 2255.

**B.   Timeliness**

---

[13] *See* doc. no. 7 in case no. 7:14-v-0012-VEH-HGD (Respondents' Answer to Petition for Writ of Habeas Corpus), at 2-4 (summarizing the procedural history of Lee's state court challenges).

Even if Lee's § 2255 motion were otherwise permissible, it was not timely filed. Such a motion must be filed within one year of the latest of the following occurrences:

>(1) the date on which the judgment of conviction becomes final;
>
>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Lee's conviction and sentence became final no later than May 10, 2010, ninety days after the Eleventh Circuit dismissed his appeal on February 9, 2010. *See Clay v. United States*, 537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for *certiorari* with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."); *Michel v. United States*, 519 F.3d 1267, 1268 n.1 (11th Cir. 2008) ("A petition for writ of *certiorari* must be filed within 90 days of the day the appellate

court's judgment was entered.") (citing Sup. Ct. R. 13). Because that was more than one year before Lee filed his first *habeas* petition on January 3, 2014, his petition, which has been recharacterized as a motion under § 2255, is untimely under § 2255(f)(1). There also is no indication that Lee was prevented by governmental action from filing a petition or motion on an earlier date, that the right he asserts was newly recognized by the Supreme Court, or that he has discovered new facts to support his claim. Consequently, his motion cannot be considered timely under § 2255(f)(2), (3), or (4).

### III. CONCLUSION

For all the foreging reasons, Lee is not entitled to relief pursuant to 28 U.S.C. § 2255. An appropriate final judgment will be entered contemporaneously herewith.

**DONE** and **ORDERED** this 5th day of October, 2018.

_____
United States District Judge